# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

DON M. SAVAGE,

           Plaintiff,

v.

STATE OF NEVADA, *et al.*,

           Defendants.

3:17-cv-00469-MMD-VPC

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. This action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff Don M. Savage's application to proceed *in forma pauperis* (ECF No. 1) and *pro se* complaint (ECF No. 1-1). Having reviewed all documents, the court recommends that the application to proceed *in forma pauperis* be granted, and that this action be dismissed without prejudice, without leave to amend.

## I.    *IN FORMA PAUPERIS* APPLICATION

Based on the financial information provided in his application to proceed *in forma pauperis*, plaintiff is unable to pay the filing fee in this matter. (*See* ECF No. 1.) The court therefore recommends that the application be granted.

## II.    LEGAL STANDARD

Inmate civil rights complaints are governed by 28 U.S.C. § 1915A. Section 1915A provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A complaint is frivolous when "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on

1   fanciful factual allegations (e.g., delusional scenarios). *Id.* at 327–28; *see also McKeever v.*
2   *Block*, 932 F.2d 795, 798 (9th Cir. 1991). Dismissal for failure to state a claim under § 1915A
3   incorporates the same standard applied in the context of a motion to dismiss under Federal Rule
4   of Civil Procedure 12(b)(6), *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012), which
5   requires dismissal where the complaint fails to "state a claim for relief that is plausible on its
6   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

7       The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins.*
8   *Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court must accept as true
9   all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations
10  state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint
11  need not contain detailed factual allegations, but must offer more than "a formulaic recitation of
12  the elements of a cause of action" and "raise a right to relief above a speculative level."
13  *Twombly*, 550 U.S. at 555. Particular care is taken in reviewing the pleadings of a *pro se* party,
14  for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627
15  F.3d 338, 342 (9th Cir. 2010). Still, a liberal construction may not be used to supply an essential
16  element of the claim not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If
17  dismissal is appropriate, a *pro se* plaintiff should be given leave to amend the complaint and
18  notice of its deficiencies, unless it is clear that those deficiencies cannot be cured. *Cato v. United*
19  *States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

20              **III.    DISCUSSION**

21      Plaintiff is an inmate in the custody of the Nevada Department of Corrections ("NDOC"),
22  and is currently incarcerated at Warm Springs Correction Center. (ECF No. 1-1 at 1.)
23  Proceeding *pro se* and pursuant to 42 U.S.C. § 1983, plaintiff brings civil rights claims against the
24  State of Nevada, Nevada Governor Brian Sandoval ("Governor Sandoval"), Douglas County,
25  Nevada ("Douglas County"), Douglas County District Attorney, and John Does #1–2. (ECF No.
26  1-1 at 1–2.)

27      Plaintiff alleges generally that defendants violated his right to bail. (*Id.* at 3–13.)
28  According to plaintiff's complaint, on May 1, 2014, Las Vegas Metro Police Department arrested

1    and charged plaintiff with first degree kidnapping, "possession of ID for false status", assault

2    without a weapon, and violation of his probation.  (*Id.*)  After contacting a bail bondsman,

3    plaintiff was advised that he could not be admitted to bail "due to the retake warrant issued by

4    Douglas County for probation violation …." (*Id.* at 12.)  However, plaintiff maintains that he was

5    not sentenced to probation by Douglas County or any other jurisdiction at the time of his arrest,

6    nor ever. (*Id.*).  As a result, plaintiff claims that he was "falsely imprisoned" for five-hundred and

7    fifteen days, apparently without receiving a hearing regarding his bail. (*Id.* at 4, 6.)

8         Based on these allegations, plaintiff claims that defendants violated his Fourth

9    Amendment right to be free from unreasonable search and seizure (Count I); his Fifth

10   Amendment right to a due process hearing regarding his bail (Count II); his Fourteenth

11   Amendment right to due process and equal protection under the laws (Count III); and, his Eighth

12   Amendment right to be free from cruel and unusual punishment (Count IV). (*Id.* at 3–12.)  He

13   seeks damages and "presentence confinement credit of (515) days …." (*Id.* at 9.)

14        Despite being named as defendants, Douglas County and the State of Nevada are not

15   mentioned in the body of the complaint. (*See id.* at 3–13.)  The court now turns to plaintiff's

16   claims: (1) plaintiff's claims against the State of Nevada; (2) his claims against Douglas County,

17   Governor Sandoval, John Doe #1, and John Doe #2; and, (3) his claims against the district

18   attorney.

19   **A. The State of Nevada Is Not Amenable to Suit.**

20        In the caption of his complaint, plaintiff names the State of Nevada as a defendant. (ECF

21   No. 1-1 at 1.)  Section 1983 "provides a federal cause of action against any *person* who, acting

22   under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286,

23   290 (1999) (emphasis added).  A state is not a person for purpose of section 1983. *Will v. Mich*

24   *Dep't of State Police*, 491 U.S. 58, 70 (1989).  Thus, the court recommends that plaintiff's claim

25   against the State of Nevada be dismissed because "it lacks an arguable basis in either law or fact."

26   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court recommends that dismissal be with

27   prejudice because plaintiff can make no factual or legal amendments that would expose the State

28   of Nevada to liability under section 1983. *Cato*, 70 F.3d at 1107.  Plaintiff's claim for damages

3

1   against Governor Sandoval in his official capacity should also be dismissed with prejudice
2   because it is equivalent to a suit against the State of Nevada itself. *Holley v. Cal. Dep't of Corr.*,
3   599 F.3d 1108, 1111 (9th Cir. 2010); *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007).

4   **B. Defendants Cannot Be Held Liable Under a Theory of Respondeat Superior**

5         "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must
6   plead that each Government-official defendant, through the official's own individual actions, has
7   violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Maxwell v. Cty. of San*
8   *Diego*, 708 F.3d 1075, 1097 (9th Cir. 2013) ("[T]here is no respondeat superior liability under
9   § 1983. Rather, a government official may be held liable only for the official's own conduct.").
10  Plaintiff directly states in Count II that "the defendants, district attorney, John Doe #1, John Doe
11  #2, and the Governor" are liable for violating his Fifth Amendment right under a theory of
12  respondeat superior. (ECF No. 1-1 at 5.)  Moreover, a careful reading of plaintiff's complaint
13  reveals that his claims against defendants are all premised solely upon the actions of the district
14  attorney. (*Id.* at 3–13.)  Plaintiff's allegation that the district attorney filed a false probation
15  warrant is sufficient to go beyond the respondeat superior theory of liability. *See Bd. of Cty.*
16  *Comm'rs v. Brown*, 520 U.S. 397, 403 (1997).  However, plaintiff's claims against the remaining
17  defendants — Governor Sandoval, Douglas County, John Doe #1, and John Doe #2 — are not
18  based upon their own personal participation and should be dismissed. *Id.*

19  **C. Plaintiff's Claims Against the District Attorney Are *Heck* Barred.**

20        Section 1983 is not a backdoor through which a federal court may overturn a state court
21  conviction or award relief related to the fact or duration of a sentence.  Section 1983 and "the
22  federal habeas corpus statute . . . both provide access to the federal courts 'for claims of
23  unconstitutional treatment at the hands of state officials, . . . [but] they differ in their scope and
24  operation.'" *Ramirez v. Galaza*, 334 F.3d 850, 854 (9th Cir. 2003) (quoting *Heck v. Humphrey*,
25  512 U.S. 477, 48 (1994)).  When a prisoner challenges the legality or duration of his custody,
26  raises a constitutional challenge which could entitle him to an earlier release, or seeks damages
27  for purported deficiencies in his state court criminal case, which effected a conviction or lengthier

28

1    sentence, his sole federal remedy is a writ of *habeas corpus*. *Edwards v. Balisok*, 520 U.S. 641,

2    648 (1997); *Heck*, 512 U.S. at 481.

3        The facts upon which plaintiff's claim rest, to the extent intelligible, implicate the legality

4    and duration of his incarceration.  Counts I-IV all concern the same alleged event: the district

5    attorney filed a warrant that falsely stated plaintiff had violated his probation. (ECF No. 1-1 at 3–

6    13.)  Based on the representations in this warrant, plaintiff was subsequently charged with a

7    probation violation, denied bail, and incarcerated for five-hundred and fifteen days.  (*Id.*)

8    Consistent with plaintiff's allegations, judgement in plaintiff's favor would require the court to

9    find that he was never sentenced to probation in Douglas County, which would necessarily imply

10   the invalidity of plaintiff's pretrial detention. *Heck*, 512 U.S. at 481; *see* Nev. Rev. Stat. 178.484

11   (2018) (requiring that "person arrested for a felony who has been released on probation or parole

12   for a different offense must not be admitted to bail" unless under direction of judicial order or

13   specified administrative body).  This claim does not accrue until the invalidity of his pretrial

14   detention for violating his probation is proven at the state level, or called into question by a the

15   issuance of a writ of habeas corpus. *Id.*; *see Martinez v. Allen*, No. 3:16-CV-00034-MMD-WGC,

16   2016 WL 2643348, at *3 (D. Nev. Mar. 9, 2016), *report and recommendation adopted*, No. 3:16-

17   CV-00034-MMD-WGC, 2016 WL 2595098 (D. Nev. May 5, 2016).

18       The court notes that the district attorney is likely entitled to prosecutorial immunity from

19   suit because moving to obtain a warrant is "intimately associated with the judicial phase of the

20   criminal process." *See Burns v. Reed*, 500 U.S. 478, 487-92 (1991); *Waggy v. Spokane Cty.*

21   *Wash.*, 594 F.3d 707, 710-11 (9th Cir. 2010).  Dismissal on this basis is proper, but the court does

22   not recommend dismissal with prejudice because plaintiff's vague allegations do not reveal

23   whether the district attorney stepped outside of his role as a prosecutor in effecting the warrant.

24   *See Kalina*, 522 U.S. at 129-31 (district attorney acted as witness and not entitled to prosecutorial

25   immunity for making false statement of fact in affidavit supporting application for arrest warrant);

26   *but see Cruz v. Kauai County*, 279 F.3d 1064, 1067 n.4 (noting that use of third party affidavit

27   may preserve prosecutorial immunity).  Regardless of the manner of request, a judicial officer is

28

1  entitled to absolute immunity for the grant of such a warrant. *Burns v. Reed*, 500 U.S. 478, 492

2  (1991) (issuance of a warrant "is unquestionably a judicial act").

3                                      IV.    CONCLUSION

4           For the reasons articulated above, the court finds that the State of Nevada is not amenable

5  to suit.  On this basis, plaintiff is unable to bring an action for damages against Governor

6  Sandoval for actions taken in his official capacity.  Additionally, Governor Sandoval, Douglas

7  County, and John Does 1-2 cannot be held liable under a theory of respondeat superior as a matter

8  of law.  Finally, plaintiff's remaining claims against the district attorney are barred by the *Heck*

9  doctrine because a judgment in his favor would imply the invalidity of his pretrial detention. The

10  court recommends that plaintiff's claims be dismissed without prejudice, without leave to amend

11  to provide plaintiff with the opportunity to bring his action at a later date, should he be able to

12  correct the deficiencies outlined above.

13           The parties are advised:

14           1.     Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of

15  Practice, the parties may file specific written objections to this Report and Recommendation

16  within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate

17  Judge's Report and Recommendation" and should be accompanied by points and authorities for

18  consideration by the District Court.

19           2.     This Report and Recommendation is not an appealable order and any notice of

20  appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of judgment.

21                                   V.    RECOMMENDATION

22           **IT IS THEREFORE RECOMMENDED** that plaintiff's applications to proceed *in*

23  *forma pauperis* (ECF No. 1) be **GRANTED**;

24           **IT IS FURTHER RECOMMENDED** that the Clerk **FILE** plaintiff's complaint (ECF

25  No. 1-1);

26           **IT IS FURTHER RECOMMENDED** that the claims against the State of Nevada be

27  **DISMISSED WITH PREJUDICE**;

28

1    **IT IS FURTHER RECOMMENDED** that the claims for damages brought against

2    Governor Sandoval in his official capacity be **DISMISSED WITH PREJUDICE**;

3    **IT IS FURTHER RECOMMENDED** that the complaint be **DISMISSED WITHOUT**

4    **PREJUDICE, WITHOUT LEAVE TO AMEND** as to **COUNT I, II, III, and IV** against all

5    defendants.

6    **IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** and close

7    this case.

8

9    **DATED**: *March 2, 2018*

10

11    UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28